1   TRITIA M. MURATA (CA SBN 234344)
    TMurata@mofo.com
2   MAYA HAREL (CA SBN 291990)
    MHarel@mofo.com
3   MONICA A. RODRIGUEZ (CA SBN 299026)
    MRodriguez@mofo.com
4   LAUREN R. LEIBOVITCH (CA SBN 323230)
    LLeibovitch@mofo.com
5
    MORRISON & FOERSTER LLP
6   707 Wilshire Boulevard, Suite 6000
    Los Angeles, California 90017-3543
7   Telephone: 213.892.5200
    Facsimile: 213.892.5454
8
9   Attorneys for Defendant
    UNITED PARCEL SERVICE, INC.
10

11              UNITED STATES DISTRICT COURT

12              EASTERN DISTRICT OF CALIFORNIA

13

14  MICHELLE RIZVANOVIC, individually, and        Case No. _____
    on behalf of all others similarly situated,
15                                                **NOTICE OF REMOVAL OF CIVIL
                                                  ACTION PURSUANT TO 28 U.S.C.
16              Plaintiff,                        §§ 1332, 1441, 1446, AND 1453**

17                                                [CLASS ACTION FAIRNESS ACT OF
        v.                                        2005, 28 U.S.C. §§ 1332(d), 1453(b)]
18
                                                  CLASS ACTION
19  UNITED PARCEL SERVICE, INC., an Ohio
    Corporation; and DOES 1 to 10,                (Removed from Kern County Superior
20                                                Court, Case No. BCV-21-101599)
                Defendants.
21

22

23  **TO PLAINTIFF MICHELLE RIZVANOVIC AND HER ATTORNEYS OF RECORD,**

24  **AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

25          **PLEASE TAKE NOTICE** that Defendant United Parcel Service, Inc., an Ohio

26  Corporation, hereby removes this case from the Superior Court of California, County of Kern, to

27  the United States District Court for the Eastern District of California, pursuant to 28 U.S.C.

28  §§ 1332, 1441, 1446, and 1453.  In removing this action, Defendant avers as follows:

sf-4543481                                1

1.     **Jurisdiction (E.D. Cal. L.R. 204).**  This action is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  Removal is therefore proper under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the putative class of plaintiffs is a citizen of a State different from any defendant.  As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2) for original jurisdiction under CAFA.

**Procedural History and Timeliness of Removal**

2.     **The State Action**.  On July 14, 2021, Plaintiff Michelle Rizvanovic commenced a putative class action in the Superior Court of California, County of Kern, by filing a Complaint entitled *Michelle Rizvanovic, on behalf of herself and others similarly situated v. United Parcel Service, Inc., an Ohio corporation; and DOES 1 through 10, Inclusive*, designated as Case No. BCV-21-101599 (the State Action).

3.     On August 18, 2021, Defendant filed its Answer to Plaintiff's Unverified Complaint in the State Action.  A true and correct file-stamped copy of Defendant's Answer to the Unverified Complaint is attached as Exhibit B.

4.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Action are attached to this notice collectively as Exhibit A.

5.     **Timeliness of Removal**.  This removal is timely in that the summons and Complaint in the State Action were served on Defendant no earlier than July 23, 2021.  28 U.S.C. § 1446(b).  This was the first process effected on Defendant in the State Action.  Defendant files this notice within thirty (30) days of being served with the Complaint.

**Basis for Removal Jurisdiction**

6.     **CAFA Jurisdiction**.  CAFA amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if: (a) the proposed class members number at least 100, (b) any member of a class of plaintiffs is a citizen of a state different from that of any defendant, and (c) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.  The State

Action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b), for at least the following reasons:

7. **Covered Class Action**. Plaintiff Michelle Rizvanovic, a former Seasonal Personal Vehicle Driver (PVD), purports to bring the State Action on behalf of "[a]ll current and/or former Seasonal Personal Vehicle Drivers ('PVDs'), and non-exempt employees who drove their personal vehicles to deliver packages, employed by [Defendant] in California within four years prior to the filing of this Complaint." (Compl., ¶ 33.) She also seeks to represent six proposed subclasses. (*Id.*, ¶ 34.) Plaintiff alleges "[t]he members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical." (*Id.* ¶ 37(a).) As the analysis set forth below establishes, Defendant has employed substantially more than 100 individuals as non-exempt Seasonal PVDs in California since July 14, 2017. (Paragraph 11(c.), *post*; *see also* Compl., ¶ 37(a).) Accordingly, Plaintiff's proposed class has 100 or more members and this action is thus a covered class action for CAFA purposes. *See* 28 U.S.C. §§ 1332(d)(1) & (5)(B), 1453(a) & (b).

8. **Diversity**. The State Action satisfies CAFA's diversity requirements. 28 U.S.C. § 1332(d)(2)(A).

a. As of the date the Complaint was filed in the State Action and as of the date of this removal, Plaintiff was and is a citizen of California. (Compl., ¶¶ 3, 5.)

b. In addition to Plaintiff, as of the date the Complaint was filed in the State Action and as of the date of this removal, at least one member of Plaintiff's proposed class was and is citizen of California. (*See* Compl., ¶¶ 7, 9, 15, 33, 34.)

c. As of the date the Complaint was filed in the State Action and as of the date of this removal, Defendant was and is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Georgia. (*See* Compl., ¶ 7); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," "typically" the corporation's

headquarters).  Accordingly, Defendant is, and at all relevant times has been, a citizen of Ohio and Georgia.  28 U.S.C. § 1332(c)(1).

d.    Because Plaintiff is a citizen of California and Defendant is a citizen of Ohio and Georgia, minimal diversity exists for purposes of CAFA.

e.    The presence of Doe defendants has no bearing on diversity with respect to removal.  28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded").

9.    **Matter in Controversy – Alleged Damages**.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability."  *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Without admitting that it engaged in any improper conduct, that Plaintiff's claims have any merit, that this action is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, or that Plaintiff or any member of the putative class or subclasses she purports to represent is entitled to recover any relief from Defendant, as requested in the Complaint or otherwise, Defendant avers that the total matter in controversy in the State Action exceeds the sum of $5,000,000, exclusive of interest and costs, as required to establish CAFA jurisdiction.  28 U.S.C. § 1332(d)(6).

10.    In removing an action pursuant to CAFA, "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Arias v. Residence Inn,* 936 F.3d 920, 924–25 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).  Defendant meets this standard here.[1]

11.    The Complaint alleges seven causes of action on behalf of Plaintiff and the putative class of Defendant's current and former non-exempt Seasonal PVDs in California during

---

[1] UPS discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $5,000,000.  In doing so, UPS does not admit that Plaintiff and/or the purported class or subclasses she seeks to represent are entitled to any damages, or that Plaintiff will be able to certify a class or subclasses in this matter, or that Plaintiff will be able to recover on any of her theories of liability.

the relevant period:  (1) unpaid overtime, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) failure to pay minimum wage, (5) failure to furnish timely and accurate wage statements, (6) failure to pay wages upon termination, and (7) violation of unfair competition law. (*See* Compl., ¶¶ 13, 39-102.)

12.    Even without considering any of Plaintiff's other causes of action in the Complaint, the amount in controversy with respect to the Fifth Cause of Action for failure to furnish timely and accurate wage statements and the Sixth Cause of Action for failure to pay wages upon termination is at least **$17,925,000**, as set forth in detail below.[2]

a.    **Non-Compliant Wage Statement Claim.**  By her Fifth Cause of Action, Plaintiff seeks statutory penalties pursuant to California Labor Code section 226(e) for Defendant's alleged failure to furnish timely and accurate wage statements to Plaintiff and all members of the putative class she seeks to represent.  (Compl., ¶¶ 70-77; *id.*, Prayer for Relief, ¶ 23.)  Under California Labor Code section 226(e), "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)[.]"  Cal. Lab. Code § 226e(1).  The applicable statute of limitations is one year.  *See* Cal. Code Civ. Proc. § 340(a).

b.    Specifically, Plaintiff alleges Defendant "intentionally and willfully failed to provide employees with complete and accurate wage statements." (Compl., ¶ 72.)  She further contends that the wage statement "deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; and the overtime hours worked by Plaintiff and Class members." (*Id.*)

---

[2] By estimating the amounts in controversy for purposes of removal, UPS does not concede that Plaintiff or any members of the purported class or subclasses she seeks to represent will prevail on any of the claims alleged or that, if Plaintiff prevails, she or any members of the purported class or subclasses are entitled to damages in any particular amount or at all.  UPS reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

c.       Here, Defendant has employed more than 8,500 non-exempt Seasonal PVDs in California since July 14, 2020 and has issued them wage statements on a weekly basis. Thus, a conservative estimate of the amount in controversy with respect to the wage statement penalties sought in Plaintiff's Fifth Cause of Action is at least **$6,375,000** ((8,500 Seasonal PVDs × $50 × 1 pay period) + (8,500 Seasonal PVDs × $100 × 7 pay periods)).[3]

d.       **Waiting Time Penalties Claim.**  As part of her Sixth Cause of Action, Plaintiff seeks statutory waiting time penalties pursuant to California Labor Code section 203 for alleged failure to timely pay all wages at termination to putative class members whose employment with Defendant terminated during the relevant time period, with an amount in controversy equal to the continued wages for such individuals for up to thirty days from the termination of their employment with Defendant.  (Compl., ¶¶ 78-84; *id.*, Prayer for Relief, ¶ 28.)

e.       Plaintiff alleges that Defendant "willfully failed to pay Class members who are no longer employed by [Defendant] their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving [Defendant's] employ."  (Compl., ¶ 80.)  Moreover, Plaintiff contends that "Class members' final paychecks did not include all wages owed to Class Members" and Defendant's "failure to pay those Class members who are no longer employed by [Defendant] their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202."  (*Id.*, ¶¶ 81-82.)

f.       Defendant does not have a practice of paying former employees additional wages after the time periods specified by Labor Code sections 201 and 202, such that the maximum thirty days of waiting time penalties are in controversy for each former employee within the scope of this claim.  More than 10,000 non-exempt Seasonal PVDs who worked for Defendant in California have ended their employment with Defendant since July 14, 2018.  *See* Cal. Lab. Code § 203; *Pineda v. Bank of Am., N.A.,* 50 Cal.4th 1389, 1398 (2010) (three-year

---

[3] Early November through approximately mid-January (or approximately 11 weeks) generally constitutes a peak season during which many Seasonal PVDs are hired and work at UPS.  On average, Seasonal PVDs employed at UPS since July 14, 2020 have worked for a period longer than 11 weeks.  Even taking a more conservative underestimate of eight weeks, the amount in controversy is easily met.

statute of limitations applies to section 203 claims).  Seasonal PVDs in Plaintiff's proposed class generally worked shifts of at least 3.5 hours.  Their hourly rate of pay has at all times been more than the California state minimum wage.  Accordingly, a conservative estimate of the amount in controversy with respect to the waiting time penalties claimed in Plaintiff's Sixth Cause of Action is at least **$11,550,000** (10,000 terminated Seasonal PVDs × $11.00/hour × 3.5 hours × 30 days).[4]

13.     Thus, a conservative estimate of the amount in controversy as to only Plaintiff's Fifth and Sixth Causes of Action is at least **$17,925,000**.  This figure, without more, is more than three times the jurisdictional minimum amount under CAFA.

14.     The Complaint fails to aver sufficient facts for Defendant to state with any degree of precision the amount in controversy as to Plaintiff's First (unpaid overtime), Second (failure to provide meal periods), Third (failure to authorize and permit rest periods), and Fourth (unpaid minimum wages) Causes of Action.  Defendant excludes these claims from its amount in controversy analysis but notes that the presence of these additional claims only further establishes that CAFA's amount in controversy requirement is met here.

15.     **Matter in Controversy – Attorneys' Fees**.  Plaintiff also seeks an award of attorneys' fees (*see* Compl., ¶¶ 45, 46, 67, 68, 102; *id.*, Prayer for Relief, ¶¶ 7, 19, 34), which can exceed six figures in a class action and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA.  *Arias*, 936 F.3d at 927-28 (a court must include attorneys' fees when assessing whether the amount in controversy requirement is met); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (attorneys' fees awarded under fee-shifting statutes are included in the amount of controversy).

16.     **No CAFA Exclusions**.  This action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Defendant is not a citizen of California, the state in which the action was filed, and no other exclusion applies.

---

[4] The minimum wage in effect on July 14, 2018 for employers such as Defendant with at least 26 employees was $11.00 per hour.  The state minimum wage has increased incrementally since then, making this calculation a conservative underestimate of the amount of waiting time penalties in controversy with respect to terminated Seasonal PVDs.

**Other Considerations**

17.    **Joinder of Other Defendants**.  Defendant is unaware of any other defendants appearing, or being served, in this action.

18.    **Venue**.  Venue is set in the Eastern District of California pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending, in the County of Kern, is located within this District.  28 U.S.C. § 84(b).

19.    **Notice Provided to State Court**.  Pursuant to 28 U.S.C. § 1446(d), Defendant will notify the Superior Court of California, County of Kern, of the filing of this Notice of Removal by filing a document entitled "Notice to Plaintiff of Removal of Civil Action to the United States District Court for the Eastern District of California," with a copy of this Notice attached.

Accordingly, Defendant respectfully submits that this action is removed properly pursuant to CAFA.  Defendant intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas.  Defendant prays that this action be removed to this Court for determination and that Defendant obtain all additional relief to which it is entitled.

Dated:   August 20, 2021                          MORRISON & FOERSTER LLP


By:  /s/ Tritia M. Murata
                                                            Tritia M. Murata

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
UNITED PARCEL SERVICE, INC., an Ohio corporation, and DOES 1 to 10,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
MICHELLE RIZVANOVIC, individually, and on behalf of all others similarly situated,

</td><td>

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
7/15/2021
Kern County Superior Court
By Vickie Fogerson, Deputy

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more Information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

<table>
<tr><td>

The name and address of the court is:
(El nombre y dirección de la corte es):  Metropolitan Division
Superior Court of California, County of Kern
1415 Truxtun Ave., Bakersfield, CA 93301

</td><td>

CASE NUMBER: (Número del Caso):
BCV-21-101599

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Sang J. Park, Esq. (SBN 232956), PARK APC, 5670 Wilshire Blvd., Suite 1800, Los Angeles, CA 90036, (310) 627-2964

<table>
<tr><td>

DATE:
(Fecha)   7/15/2021

</td><td>TAMARAH HARBER-PICKENS</td><td>Clerk, by
(Secretario)   Vickie</td><td>, Deputy
(Adjunto)</td></tr>
</table>

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): **United Parcel Services, Inc., an Ohio corporation**
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date): 7-23-2021

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Page 1 of 1

Exhibit A, Page 9

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sang J. Park (SBN 232956)<br>PARK APC<br>5670 Wilshire Blvd., Suite 1800, Los Angeles, CA 90036<br>TELEPHONE NO.: (310) 627-2964    FAX NO. *(Optional)*: (310) 362-8279<br>ATTORNEY FOR *(Name)*: Plaintiff Michelle Rizvanovic | ELECTRONICALLY FILED<br>7/14/2021 2:34 PM<br>Kern County Superior Court<br>By Vickie Fogerson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

CASE NAME:
Michelle Rizvanovic v. United Parcel Service, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BCV-21-101599 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[X] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* seven (7)
5. This case [X] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 14, 2021

Sang J. Park (SBN 232956)
_____    _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

Exhibit A, Page 10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (non-domestic relations)
Sister State Judgment
Administrative Agency Award (not unpaid taxes)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-harassment)
Mechanics Lien
Other Commercial Complaint Case (non-tort/non-complex)
Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A, Page 11

SANG J PARK, SBN 232956
sang@park-lawyers.com
PARK APC
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone:   (310) 627-2964
Fax:         (310) 362-8279

DEAN S. HO, SBN 297357
dean@employees-lawyer.com
OPTIMUM EMPLOYMENT LAWYERS
7545 Irvine Center Dr., Suite 200
Irvine, California 92782
Telephone:   (949) 954-8181
Fax:         (949) 335-6106

Attorneys for Plaintiff

ELECTRONICALLY FILED
7/14/2021 2:34 PM
Kern County Superior Court
By Vickie Fogerson, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| MICHELLE RIZVANOVIC, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., an Ohio Corporation; and DOES 1 to 10,<br><br>Defendants. | Case No.: BCV-21-101599<br><br>CLASS ACTION<br><br>COMPLAINT<br><br>(1) Violation of California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime)<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums)<br>(4) Violation of California Labor Code §§ 1194 1194.2, 1197, and Minimum Wage Order (Failure to Pay Minimum Wage)<br>(5) Violation of California Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage Statements)<br>(6) Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination)<br>(7) Violation of California Business & Professions Code §§ 17200, et seq.<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

1.    This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.    This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.    Plaintiff is, and at all relevant times was, a citizen of the state of California.

6.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant *to La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

7.    Defendant United Parcel Service, Inc. ("UPS") was and is, upon information and belief, an Ohio corporation. At all times hereinafter mentioned, Defendant was an employer whose employees were engaged throughout this county and the State of California.

8.    Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues them by such fictitious names. Each of the

1  DOE Defendants was in some manner legally responsible for the violations alleged. Plaintiff

2  will amend this complaint to set forth the true names and capacities of these Defendants when

3  they have been ascertained, together with appropriate charging allegations, as may be necessary.

4        9.    At all times, the Defendants named as DOES 1 to 10, inclusive, and each of

5  them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or

6  injured Plaintiff and aggrieved employees in the State of California.

7        10.   At all times, each Defendant was the agent, servant, or employee of the other

8  Defendants and, in acting and omitting to act as alleged herein, acted within the course and

9  scope of that agency or employment.

10        11.   UPS and DOES 1 to 10 are collectively referred to herein as "Defendants."

11  **DEFENDANTS' CONDUCT**

12        12.   UPS is a multinational package delivery and supply chain management company

13  with offices throughout California, including locations in Kern County.

14        13.   Defendants employed Plaintiff as a Seasonal Personal Vehicle Driver ("PVD"), a

15  non-exempt position, from October 22, 2019 to December 31, 2019.

16           a.    Plaintiff last earned $21 an hour.

17        14.   Defendants required PVDs to use their own cars and fulfill all of the duties of a

18  standard UPS delivery driver.

19        15.   Plaintiff, like all PVDs in California, drove her own personal vehicle to deliver

20  packages for UPS.

21        16.   Plaintiff's workday typically started at 10 am and ended when all packages were

22  delivered for the day.

23        17.   Defendants required Plaintiff to travel to her designated UPS storage container or

24  UPS Customer Center in Bakersfield, clock-in using her UPS-issued handheld device, and fully

25  load her car with various packages for delivery that day.

26        18.   Defendants required Plaintiff to scan each package with the UPS-issued handheld

27  device that, in turn, gave her the delivery route for that package.

28

19.     On average Defendants required Plaintiff, and other PVDs, to deliver 120 packages in a regular 8-hour shift—i.e., one package every 4 minutes.

20.     Defendants instructed Plaintiff to clock out for meal periods and informed Plaintiff that PVDs could not scan packages while they were "clocked out" for a meal period.

21.     Defendants then instructed Plaintiff, and other PVDs, to use their meal period to drive to and from their designated pick-up areas to fully reload their personal car with packages.

22.     Defendants required Plaintiff to clock out for her meal periods and work through her meal periods.

23.     Similarly, and due to Defendants' demands and directives—that is, 1 delivery every 4 minutes—Plaintiff and PVDs were not afforded with and did not take their lawfully required rest periods.

24.     During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194, and applicable Industrial Welfare Commission's ("IWC") Wage Orders.

25.     Plaintiff and Class members were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

26.     Defendants' PVDs were not authorized or permitted lawful meal periods, and were not provided one hour's wages in lieu thereof, in one or more of the following manners:

        (a)     employees were regularly not authorized or permitted full thirty-minute meal periods for work-days in excess of 5 and/or 10 hours and were not compensated 1 hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders

        (b)     employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period"

        (c)     employees were required to work longer than five hours before being allowed to take a meal period

1            (d)     employees were severely restricted in their ability to take a meal period

2       27.    And Defendants failed to provide Plaintiff and PVDs their second meal periods

3 for shifts longer than ten hours.

4       28.    Plaintiff and PVDs were not authorized or permitted lawful rest breaks, and were

5 not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §

6 226.7 and applicable IWC Wage Orders.

7       29.    As a result, Defendants failed to timely pay Plaintiff and PVDs for all wages

8 owed to them and Plaintiff and PVDs' paychecks did not include all wages owed to them.

9       30.    Defendants also failed to correctly record Plaintiff and PVDs' meal periods as

10 required by Labor Code § 1198 and applicable IWC Wage Orders.

11 **CLASS ACTION ALLEGATIONS**

12      31.    Plaintiff brings this action individually, as well as on behalf of each and all other

13 persons similarly situated in a concerted effort to improve wages and working conditions for

14 other non-exempt and/or hourly employees, and thus seeks class certification under Code of

15 Civil Procedure § 382.

16      32.    All claims alleged arise under California law for which Plaintiff seeks relief

17 authorized by California law.

18      33.    The proposed Class consists of and is defined as:

19
20
21
          All current and/or former Seasonal Personal Vehicle Drivers ("PVDs"), and non-exempt employees who drove their personal vehicles to deliver packages, employed by Defendants in California within four years prior to the filing of this Complaint

22      34.    The proposed subclasses consist of and are defined as:

23
24
          OVERTIME SUBCLASS: All members of the Class who were not paid overtime compensation for all hours worked in excess of eight hours per day and/or 40 hours per week

25
26
27
          MEAL PERIOD SUBCLASS:  All members of the Class who were not authorized or permitted to take a 30-minute, uninterrupted meal period for every five hours worked per day, and were not compensated one hour's pay for each day n which such meal period was not authorized or permitted

28

REST BREAK SUBCLASS: All members of the Class who were not authorized or permitted to take a 10-minute, uninterrupted rest break for every four hours worked per day, or major fraction thereof, and were not compensated one hour's pay for each day on which such rest break was not authorized or permitted.

UNPAID WAGES SUBCLASS: All members of the Class who performed work for Defendants and were not compensated.

WAITING TIME SUBCLASS: All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages within the times specified by Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages.

WAGE STATEMENT SUB-CLASS: All members of the Class who received inaccurate wage statements.

35.   Plaintiff reserves the right to establish additional subclasses as appropriate.

36.   At all material times, Plaintiff was a member of the Class.

37.   There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

    (a)   Numerosity: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    (b)   Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest. Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

    (c)   Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest and typicality of claims, as

Exhibit A, Page 17

demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

(d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) <u>Public Policy Considerations</u>: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the Class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

38. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendants engaged in a pattern or practice of failing to pay Plaintiff and the Class members for the total hours worked during the Class period

(b) Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful

(c) Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiff and Class members

(d) Whether Defendants owe Plaintiffs and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week;

(e) Whether Defendants failed to record Plaintiff and Class members' meal periods

(f) Whether Defendants deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation

(g) Whether Defendants deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation

(h) Whether Defendants' conduct was willful or reckless

(i) Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements

(j) Whether Defendants violated Labor Code §§ 218.5, 204, 1197, and 1198 by failing to compensate Plaintiff and Class members for those acts Defendants required Plaintiff and Class members to perform for the benefit of Defendants

(k) Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq. and

(l) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

Exhibit A, Page 19

1

## FIRST CAUSE OF ACTION

2

### Violation of California Labor Code §§ 510, 1194 and 1198—Unpaid Overtime

3

### (Plaintiff and Class against all Defendants)

4

39.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

5

40.   California Labor Code § 510 provides that employees in California shall not be

6

employed more than eight hours in any workday or 40 hours in a workweek unless they receive

7

additional compensation beyond their regular wages in amounts specified by law.

8

41.   California Labor Code §§ 1194 and 1198 provide that employees in California

9

shall not be employed more than eight hours in any workday unless they receive additional

10

compensation beyond their regular wages in amounts specified by law.  Additionally, California

11

Labor Code § 1198 states that the employment of an employee for longer hours than those fixed

12

by the Industrial Welfare Commission is unlawful.  The governing Wage Order of the Industrial

13

Welfare Commission requires, among other things, payment of a premium wage rate for all

14

hours worked in excess of eight hours per day or 40 hours per week.

15

42.   During the course of Plaintiff and Class members' employment, Defendants

16

failed to compensate Plaintiff and Class members for all overtime hours worked in excess of

17

eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.

18

43.   At all times, Defendants failed to pay Plaintiff and Class members overtime

19

compensation for the hours they have worked in excess of the maximum hours permissible by

20

law as required by California Labor Code § 510 and 1198.  Plaintiff and Class members were

21

regularly required to work overtime hours without receiving overtime pay.

22

44.   By virtue of Defendants' unlawful failure to pay additional, premium rate

23

compensation to Plaintiff and Class members for their overtime hours worked, Plaintiff and

24

Class members have suffered, and will continue to suffer, damages in amounts which are

25

presently unknown to them but which exceed the jurisdictional limits of this Court and which

26

will be ascertained according to proof at trial.

27

45.   Plaintiff and Class members request recovery of overtime compensation

28

according to proof, interest, attorney's fees and costs pursuant to California Labor Code §

1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

46. Further Plaintiff and Class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums
### (Plaintiff and Class against all Defendants)

47. Plaintiff incorporates all paragraphs above as though fully set forth herein.

48. The applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

49. California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

50. The applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

51. Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes. Plaintiff was not authorized or permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

52. Defendants willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

53. Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code § 226.7.

54. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

1    55.   Pursuant to the applicable IWC Wage Order and California Labor Code §

2   226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular

3   hourly rate of compensation for each work day that the meal period was not provided.

4                              **THIRD CAUSE OF ACTION**

5        **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

6                        **(Plaintiff and Class against all Defendants)**

7    56.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

8    57.   The applicable IWC Wage Order and California Labor Code § 226.7 were

9   applicable to Plaintiff's employment by Defendants.

10   58.   California Labor Code § 226.7 provides that no employer shall require an

11  employee to work during any rest period mandated by an applicable order of the IWC.

12   59.   The applicable IWC Wage Order provides that "[e]very employer shall authorize

13  and permit all employees to take rest periods, which insofar as practicable shall be in the middle

14  of each work period" and that the "rest period time shall be based on the total hours worked

15  daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof"

16  unless the total daily work time is less than three and one-half (3½) hours.

17   60.   Defendants required Plaintiff to work four (4) or more hours without authorizing

18  or permitting a ten (10) minute rest period per each four (4) hour period worked.

19   61.   Defendants willfully required Plaintiff to work during rest periods and failed to

20  compensate Plaintiff for work performed during rest periods.

21   62.   Defendants failed to pay Plaintiff the full rest period premium due pursuant to

22  California Labor Code § 226.7.  Defendants' conduct violates the applicable IWC Wage Orders

23  and California Labor Code § 226.7.

24   63.   Pursuant to the applicable IWC Wage Order and California Labor Code §

25  226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular

26  hourly rate of compensation for each work day that the rest period was not provided.

27

28

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1194.2, 1197 and Minimum Wage Order—

### Failure to Pay Minimum Wages

### (Plaintiff and Class against all Defendants)

64.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

65.   California Labor Code § 1197 provides, "the minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

66.   Defendants paid Plaintiff and Class members less than minimum wages when it required them to work during meal periods and rest breaks and "off the clock;" and when it failed to pay them proper compensation for all hours worked, including time worked during their missed and/or interrupted meal and/or rest periods and "off the clock."

67.   Defendants have knowingly and willfully refused to compensate Plaintiff and Class members for all wages earned, and all hours worked, at the required minimum wage.  As a direct result Plaintiff and Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation and wages; lost interest on such monies and expenses; and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

68.   In relevant part, California Labor Code § 1194 et seq. provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest, reasonable attorney's fees, and cost of suit, which Plaintiff and Class members seek.

69.   Pursuant to California Labor Code § 1194.2, Plaintiff and Class members seek liquidated damages available to employees who file an action under Labor Code §1194.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—

### Failure to Furnish Timely and Accurate Wage Statements

### (Plaintiff and Class against all Defendants)

70.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

71.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; and the overtime hours worked by Plaintiff and Class members.

73.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class members have suffered injury and damage to their statutorily-protected rights.

74.     Specifically, Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

75.     Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the

1    mandates of California's Labor Code and related laws and regulations.

2    76.   Plaintiff and Class members are entitled to recover from Defendants the greater

3    of their actual damages caused by Defendants' failure to comply with California Labor Code §

4    226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

5    77.   Plaintiff and Class members are also entitled to injunctive relief to ensure

6    compliance with this section, pursuant to California Labor Code § 226(g).

7    **SIXTH CAUSE OF ACTION**

8    **Violation of California Labor Code §§ 201 and 202—**

9    **Wages Not Timely Paid Upon Termination**

10    **(Plaintiff and Class against all Defendants)**

11    78.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

12    79.   At all times, California Labor Code §§ 201 and 202 provide that if an employer

13    discharges an employee, the wages earned and unpaid at the time of discharge are due and

14    payable immediately, and that if an employee voluntarily leaves his or her employment, his or

15    her wages shall become due and payable not later than 72 hours thereafter, unless the employee

16    has given 72 hours previous notice of his or her intention to quit, in which case the employee is

17    entitled to his or her wages at the time of quitting.

18    80.   During the relevant time period, Defendants willfully failed to pay Class

19    members who are no longer employed by Defendants their wages, earned and unpaid, either at

20    the time of discharge, or within 72 hours of their leaving Defendants' employ.

21    81.   Class members' final paychecks did not include all wages owed to Class

22    members.

23    82.   Defendants' failure to pay those Class members who are no longer employed by

24    Defendants their wages earned and unpaid at the time of discharge is in violation of California

25    Labor Code §§ 201 and 202.

26    83.   California Labor Code § 203 provides that if an employer willfully fails to pay

27    wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

28    continue as a penalty from the due date, and at the same rate until paid or until an action is

1    commenced; but the wages shall not continue for more than 30 days.

2       84.    Class members are entitled to recover from Defendants their additionally

3    accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days

4    maximum pursuant to California Labor Code § 203.

5                            **SEVENTH CAUSE OF ACTION**

6          **Violation of California Business & Professions Code § 17200, et seq.**

7                      **(Plaintiff and Class against all Defendants)**

8       85.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

9       86.    Defendants, and each of them, are "persons" as defined under Business &

10   Professions Code § 17021.

11      87.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

12   unlawful, and harmful to Plaintiff, Class members, and to the general public.

13      88.    Plaintiff seeks to enforce important rights affecting the public interest within the

14   meaning of Code of Civil Procedure § 1021.5.

15      89.    Defendants' activities, as alleged herein, are violations of California law, and

16   constitute unlawful business acts and practices in violation of California Business & Professions

17   Code § 17200, et seq.

18      90.    A violation of California Business & Professions Code § 17200, et seq. may be

19   predicated on the violation of any state or federal law.  All of the acts described herein as

20   violations of, among other things, the California Labor Code and Industrial Welfare

21   Commission Wage Orders, are unlawful and in violation of public policy; and in addition are

22   immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair,

23   unlawful and/or fraudulent business practices in violation of California Business and

24   Professions Code § 17200, et seq.

25                            Failing to Pay Overtime

26      91.    Defendants' failure to pay overtime compensation and other benefits in violation

27   of California Labor Code §§ 510, 1197, and 1198 constitutes unlawful and/or unfair activity

28   prohibited by Business and Professions Code § 17200, et seq.

**Failing to Provide Meal and Rest Periods**

92.   Defendants' failure to provide legally required meal and rest periods in violation of California Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Pay Wages**

93.   Defendants' failure to pay minimum wages constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Timely Pay Wages Upon Termination**

94.   Defendants' failure to timely pay wages upon termination in accordance with Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Provide Accurate Itemized Wage Statements**

95.   Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Record Meal Periods**

96.   Defendants' failure to record meal periods in violation of California Labor Code § '1198 and IWC Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

97.   By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

98.   Plaintiff and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

99.   Plaintiff, individually, and on behalf of Class members, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair,

unlawful and/or fraudulent business practices. Plaintiff and Class members are not obligated to establish individual knowledge of the unfair practices in order to recover restitution.

100.    Plaintiff, individually, and on behalf of Class members, is further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

101.    Plaintiff, individually, and on behalf of Class members, has no plain, speedy, and/or adequate remedy at law to redress the injuries that he has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

102.    Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff and Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representatives of the Class; and

3.    That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.    That the Court declare, adjudge and decree that Defendants violated California

CLASS ACTION COMPLAINT

1    Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all

2    overtime wages due to Plaintiff and Class members;

3        5.      For general unpaid wages at overtime wage rates and such general and special

4    damages as may be appropriate;

5        6.      For pre-judgment interest on any unpaid overtime compensation commencing

6    from the date such amounts were due;

7        7.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

8    California Labor Code § 1194(a); and,

9        8.      For such other and further relief as the Court may deem equitable and

10   appropriate.

11                     As to the Second and Third Causes of Action

12       9.      That the Court declare, adjudge and decree that Defendants violated California

13   Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide

14   all meal periods and rest breaks to Plaintiff and Class members;

15       10.     That the Court make an award to the Plaintiff and Class members of one hour of

16   pay at each employee's regular rate of compensation for each workday that a meal period and

17   rest break were not provided;

18       11.     For all actual, consequential, and incidental losses and damages, according to

19   proof;

20       12.     For premiums pursuant to California Labor Code § 226.7(b);

21       13.     For pre-judgment interest on any unpaid wages from the date such amounts were

22   due; and,

23       14.     For such other and further relief as the Court may deem equitable and

24   appropriate.

25                         As to the Fourth Cause of Action

26       15.     That the Court declare, adjudge and decree that Defendants violated California

27   Labor Code §§ 1194 and 1197;

28       16.     For general unpaid wages and such general and special damages as may be

---

Page 17

CLASS ACTION COMPLAINT

appropriate;

17.   For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.   For liquidated damages;

19.   For reasonable attorneys' fees and for costs of suit incurred; and

20.   For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

21.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and Class members, and wilfully failed to provide accurate itemized wage statements;

22.   For all actual, consequential and incidental losses and damages, according to proof;

23.   For statutory penalties pursuant to California Labor Code § 226(e);

24.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and,

25.   For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

26.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time of termination of the employment of terminated Class members;

27.   For all actual, consequential and incidental losses and damages, according to proof;

28.   For statutory wage penalties pursuant to California Labor Code § 203 for all Class members who have left Defendants' employ;

29.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and,

CLASS ACTION COMPLAINT

30.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

31.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and Class members all overtime compensation due to them; by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay minimum wages; by failing to pay timely and earned wages upon termination; by failing to provide accurate itemized wage statements; and by failing to record meal periods;

32.     For restitution of unpaid wages to Plaintiff and all Class members and prejudgment interest from the day such amounts were due and payable;

33.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

34.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

35.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.; and,

36.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: July 14, 2021

Respectfully submitted,

PARK APC

By: /s/ Sang J Park

Sang J Park

OPTIMUM EMPLOYMENT LAWYERS
Dean S. Ho

Attorneys for Plaintiff

Page 19
<u>CLASS ACTION COMPLAINT</u>

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby respectfully demands a jury trial.

3

4

5    Dated:  July 14, 2021                          Respectfully submitted,

6                                                   PARK APC

7

8                                          By:   /s/ Sang J Park

9                                                Sang J Park

10                                               OPTIMUM EMPLOYMENT LAWYERS
                                                 Dean S. Ho

11
                                                 Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B

1  TRITIA M. MURATA (BAR NO. 234344)
   TMurata@mofo.com
2  MAYA HAREL (BAR NO. 291990)
   MHarel@mofo.com
3  MONICA A. RODRIGUEZ (BAR NO. 299026)
   MRodriguez@mofo.com
4  LAUREN R. LEIBOVITCH (BAR NO. 323230)
   LLeibovitch@mofo.com
5  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
6  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
7  Facsimile: 213.892.5454

8  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.

9

ELECTRONICALLY FILED
8/18/2021 5:23 PM
Kern County Superior Court
By Leslie Dickey, Deputy

10

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          COUNTY OF KERN

14  MICHELLE RIZVANOVIC, individually, and          Case No. BCV-21-101599
    on behalf of all others similarly situated,
15                                                   (Assigned for All Purposes to the
                    Plaintiff,                       Hon. Thomas S. Clark)
16
          v.                                         **DEFENDANT'S ANSWER TO
17                                                   PLAINTIFF'S UNVERIFIED
    UNITED PARCEL SERVICE, INC., an Ohio            COMPLAINT**
18  Corporation; and DOES 1 to 10,
                                                     Date Action Filed:   July 14, 2021
19                  Defendants.                      Trial Date:          Not Yet Set

20

21         Defendant United Parcel Service, Inc. (Defendant) hereby answers the unverified

22  Complaint of Plaintiff Michelle Rizvanovic (Plaintiff) as follows:

23         1.      Pursuant to section 431.30, subdivision (d) of the Code of Civil Procedure,

24  Defendant generally denies each and every allegation contained in the Complaint, and specifically

25  denies that Plaintiff or any member of the putative class or subclasses she purports to represent

26  has been damaged as alleged in the Complaint or at all.

27         WHEREFORE, Defendant prays for judgment as hereinafter set forth.

28

sf-4543436                                  1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

(Failure to State a Cause of Action)

2.     The Complaint and each purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Lack of Standing)

3.     The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff lacks standing to assert these matters against Defendant.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

(Statute of Limitations)

4.     The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any member of the putative class or subclasses she purports to represent seeks relief for conduct occurring outside the applicable statute of limitations, as set forth in Code of Civil Procedure section 338, subdivision (a); section 340, subdivision (a); and section 343; Labor Code section 203, subdivision (b); and Business and Professions Code section 17208, among others.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(Lab. Code, § 226, subd. (a) Claim Time-Barred)

5.     The Complaint and the Fifth Cause of Action seeking statutory penalties for Defendant's purported violation of Labor Code section 226, subdivision (a) are barred because Plaintiff alleges that she was employed by Defendant "to December 31, 2019" (see Compl., ¶ 13), which falls outside the applicable limitations period set forth in Code of Civil Procedure section 340, subdivision (a).

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(Settlement/Release)

6.     The Complaint and each purported cause of action alleged therein are barred to the extent prior settlement agreements and/or releases cover some or all of the claims alleged, with

respect to some or all the members of the putative class or subclasses Plaintiff purports to represent.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Res Judicata/Collateral Estoppel)

7.     The Complaint and each purported cause of action alleged therein are barred to the extent the doctrines of res judicata or claim preclusion apply.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Preemption)

8.     The Complaint and each purported cause of action alleged therein are barred to the extent they are preempted under federal law, including (without limitation) the Federal Arbitration Act, the National Labor Relations Act and the Labor Management Relations Act.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Claims Subject to Arbitration)

9.     The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any members of the putative class or subclasses she purports to represent must submit their individual claims to arbitration in accordance with any applicable arbitration agreement.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Violation of Due Process)

10.     The Complaint and each purported cause of action alleged therein are barred to the extent they violate Defendant's right to due process under the United States Constitution, the California Constitution, or other applicable law, or otherwise violate any of Defendant's constitutionally protected rights.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith)

11.     Neither Plaintiff nor any members of the putative class or subclasses she purports to represent are entitled to any penalty award or other relief for any alleged violation of any Labor Code provision because, at all times relevant herein, Defendant acted in good faith and had

reasonable grounds for believing it did not violate any provision of the Labor Code or the Wage Order promulgated thereunder.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

#### (No Knowing, Intentional, or Willful Failure)

12.    The Complaint and each purported cause of action alleged therein are barred because Defendant did not knowingly, intentionally, or willfully fail to comply with any provision of the Labor Code.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

#### (Other Conduct)

13.    The Complaint and each purported cause of action alleged therein are barred to the extent any alleged damages (which Defendant denies) were caused by the negligence, failure to perform, or other conduct of Plaintiff or any member of the putative class or subclasses she purports to represent.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Failure to Comply with Policies)

14.    The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any members of the putative class or subclasses she purports to represent failed to comply with Defendant's policies.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Failure to Comply with Lab. Code, §§ 2854, 2856-2859)

15.    The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any members of the putative class or subclasses she purports to represent did not satisfy and/or breached their statutory obligations as provided in the Labor Code including, but not limited to, sections 2854 and 2856-2859.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Waiver)

16.    The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any members of the putative class or subclasses she purports to represent, by

their actions, have waived any claim they had against Defendant, to the extent they had any such claim (which Defendant denies).

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Meal and Rest Period Waiver)

17. The Complaint and each purported cause of action alleged therein are barred because Plaintiff and any members of the putative class or subclasses she purports to represent were provided, authorized, and/or permitted meal and/or rest periods in accordance with applicable law, and any failure by Plaintiff or any members of the putative class or subclasses to take a meal or rest period was because they freely waived any and all meal or rest periods that they did not take.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Estoppel)

18. The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any members of the putative class or subclasses she purports to represent, by their actions, are estopped to assert any claim they had against Defendant, to the extent they had any such claim (which Defendant denies).

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Unclean Hands)

19. The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any members of the putative class or subclasses she purports to represent have been guilty of improper conduct connected to the matters alleged therein.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Laches)

20. The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any members of the putative class or subclasses she purports to represent inexcusably and unreasonably delayed filing this action, causing prejudice to Defendant.

1

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

2

(Consent)

3      21.    The Complaint and each purported cause of action alleged therein are barred to the

4   extent Plaintiff or any members of the putative class or subclasses she purports to represent

5   consented to the alleged conduct of Defendant.

6

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

7

(Paid All Sums)

8      22.    The Complaint and each purported cause of action alleged therein are barred

9   because Defendant has paid Plaintiff and the members of the putative class and subclasses she

10   purports to represent all sums due to them.

11

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

12

(Double Recovery)

13      23.    The Complaint and each purported cause of action alleged therein are barred in

14   whole or in part to the extent Plaintiff or any members of the putative class and subclasses she

15   purports to represent seek double recovery for the same alleged wrong or wrongs.

16

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

17

(Failure to Mitigate)

18      24.    Any damages, penalties, or other relief claimed by Plaintiff or any members of the

19   putative class or subclasses she purports to represent should be reduced to the extent that Plaintiff

20   or any members of the putative class or subclasses failed to mitigate their alleged harm (which

21   Defendant alleges there was none).

22

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

23

(*De Minimis* Matters/"Rule of Reason")

24      25.    The Complaint and each purported cause of action alleged therein are barred to the

25   extent they are based on *de minimis* matters and seek recovery for periods of time that are so

26   brief, irregular of occurance, or difficult to accurately measure or estimate, that it would neither

27   be reasonable to require Defendant to account for them nor sensible to devote judicial resources

28   to litigating over them.

1

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

2

(Offset)

3       26.     Any damages, penalties, or other relief claimed by Plaintiff or any member of the

4   putative class or subclasses she purports to represent should be reduced to the extent they are

5   subject to an offset, representing amounts improperly obtained from Defendant or which would

6   constitute unjust enrichment of Plaintiff or the member of the putative class or subclasses.

7

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

8

(No Post-Filing Waiting Time Penalties)

9       27.     Waiting time penalties under Labor Code section 203, to the extent they would

10  have otherwise been payable to Plaintiff or any member of the putative class or subclasses she

11  purports to represent, ceased to accrue and were barred when an "action therefor [was]

12  commenced." (Lab. Code, § 203, subd. (a).)

13

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

14

(No Unfair or Unlawful Practice)

15      28.     Plaintiff's Seventh Cause of Action is barred because Defendant has not engaged

16  in any conduct that comes within the meaning of Business and Professions Code section 17200

17  et seq.

18

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

19

(Not Subject to Restitution)

20      29.     Plaintiff's Seventh Cause of Action is barred to the extent Plaintiff or any

21  members of the putative class or subclasses she purports to represent seek to recover as

22  "restitution" any amounts that are not subject to restitution and thus cannot be recovered under

23  Business and Professions Code section 17200 et seq.

24

**TWENTY- NINTH SEPARATE AND ADDITIONAL DEFENSE**

25

(Adequate Legal Remedy)

26      30.     Plaintiff's Seventh Cause of Action for the purported violation of Business and

27  Professions Code section 17200 et seq., or any other cause of action in the Complaint seeking an

28  injunction, restitution, disgorgement, or any other form of equitable relief, is barred because

Plaintiff and the members of the putative class and subclasses she purports to represent have an adequate remedy at law, and because any harm they suffered (Defendant alleges there was none) is not irreparable.

### THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

#### (Excessive Fines)

31.     The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff or any members of the putative class or subclasses she purports to represent seek to recover penalties that are disproportionate to the actual harm suffered (which Defendant alleges there was none) because an award of penalties under such circumstances would constitute an excessive fine and otherwise would violate Defendant's due process and other rights under the United States Constitution, the California Constitution, or other applicable law.

### THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

#### (No Right to Jury Trial)

32.     To the extent Plaintiff demands a jury trial as to her Seventh Cause of Action for purported violation of Business and Professions Code section 17200 et seq., such demand is barred because there is no right to a jury trial in civil proceedings under section 17200, which is an equitable action triable only to the Court.

33.     Defendant reserves the right to amend its Answer to allege any additional defenses as may later become available or apparent.  Further, Defendant reserves the right to withdraw any defenses it subsequently determines to be inapplicable.  Nothing stated in the foregoing defenses constitutes a concession that Defendant bears any burden of proof on any issue on which it would not otherwise bear such burden.

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff and the members of the putative class and subclasses she purports to represent take nothing by virtue of this action;

2.     That judgment be entered in favor of Defendant and against Plaintiff and the members of the putative class and subclasses she purports to represent, and the action be dismissed with prejudice;

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1         3.      For Defendant's attorneys' fees and costs of suit incurred herein; and

2         4.      For such other and further relief as the Court deems just and proper.

3  Dated:  August 18, 2021                MORRISON & FOERSTER LLP

By: ___Tritia M. Murata___

Tritia M. Murata

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Exhibit B, Page 41

1

**PROOF OF SERVICE BY MAIL**
(Code Civ. Proc. secs. 1013(a), 2015.5)

2

3      I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California 90017-3543; I am not a party to
4      the within cause; I am over the age of eighteen years and I am readily familiar with Morrison &
Foerster's practice for collection and processing of correspondence for mailing with the United
5      States Postal Service and know that in the ordinary course of Morrison & Foerster's business
practice the document described below will be deposited with the United States Postal Service on
6      the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for
collection and mailing.

7      I further declare that on August 18, 2021, I served a copy of:

8      **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED
       COMPLAINT**

9

10     on the following by placing a true copy thereof enclosed in a sealed envelope addressed as
follows for collection and mailing at Morrison & Foerster LLP, 707 Wilshire Boulevard, Los
11     Angeles, California 90017-3543, in accordance with Morrison & Foerster's ordinary business
practices:

12              Sang J. Park, Esq.
                sang@park-lawyers.com
13              PARK APC
                5670 Wilshire Boulevard, Suite 1800
14              Los Angeles, California 90036
                Tel: (310) 627-2964
15              Facsimile: (310) 362-8279

16
                Dean S. Ho, Esq.
17              dean@employees-lawyer.com
                OPTIMUM EMPLOYMENT LAWYERS
18              7545 Irvine Center Dr., Suite 200
                Irvine, California 92782
19              Tel: (949) 954-8181
                Facsimile: (949) 335-6106
20

21              Attorneys for Plaintiff
                *MICHELLE RIZVANOVIC*
22

23     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

24
       Executed at Los Angeles, California, this 18th day of August, 2021.
25

26

27     _____          _____
            Kenneth Martin                          (signature)
28            (typed)

       sf-4549720

PROOF OF SERVICE

1

**PROOF OF SERVICE**

2

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California  90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

3

4

I further declare that on August 18, 2021, I served a copy of:

5

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

6

7

☒   **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6; CRC 2.251]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system from etovar@mofo.com to the email address(es) set  forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6 and CRC Rule 2.251.

8

9

10

Sang J. Park, Esq.

11

sang@park-lawyers.com
PARK APC

12

5670 Wilshire Boulevard, Suite 1800

13

Los Angeles, California 90036
Tel: (310) 627-2964

14

Facsimile: (310) 362-8279

15

Dean S. Ho, Esq.

16

dean@employees-lawyer.com
OPTIMUM EMPLOYMENT LAWYERS

17

7545 Irvine Center Dr., Suite 200
Irvine, California 92782

18

Tel: (949) 954-8181
Facsimile: (949) 335-6106

19

20

Attorneys for Plaintiff
*MICHELLE RIZVANOVIC*

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

Executed at Chino Hills, California, this 18th day of August, 2021.

24

25

26

| | |
|---|---|
| Elizabeth Tovar | *Elizabeth Tovar* |
| (typed) | (signature) |

27

28

sf-4549720

PROOF OF SERVICE