1
2
3
4
5
6
7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  MICHELLE RIZVANOVIC,                    )   Case No.: 1:21-cv-01278-BAK (SKO)
                                            )
12          Plaintiff,                      )   ORDER GRANTING DEFENDANT'S MOTION
                                            )   TO STAY PROCEEDINGS
13      v.                                  )
                                            )   (Doc. 15)
14  UNITED PARCEL SERVICE, INC.,            )
                                            )
15          Defendant.                      )
                                            )
16  _____)

17          On March 16, 2022, Defendant, United Parcel Service (UPS), filed a motion to stay

18  proceedings pending the Supreme Court's decision in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 638

19  (2021). (Doc. 15.) Plaintiff, Michelle Rizvanovic, filed an opposition on April 6, 2022. (Doc. 16.)

20  Defendant filed its reply on April 13, 2022. (Doc. 17.) For the reasons set forth below, Defendant's

21  motion for a stay is **GRANTED**.

22  **I.      Relevant Background**

23          Plaintiff worked for UPS as a seasonal personal vehicle driver (PVD) during UPS's "Peak"

24  season, from October 22, 2019 to December 31, 2019. (Doc. 1, Complaint, ¶ 13; Doc. 16-1,

25  Rizvanovic Decl. ¶ 3.) Plaintiff was based out of the Stockdale Center, which is located in Bakersfield,

26  California. (*See id*., ¶ 17.) As a PVD, Plaintiff delivered packages from her personal vehicle. (*Id*., at ¶

27  15; Doc. 15-9, Rogers Decl., ¶ 2; Rizvanovic Decl. ¶ 4.) Plaintiff only delivered packages to addresses

28  within the state of California. (Rogers Decl. ¶ 3.)

An arbitration agreement was part of the onboarding process for the PVD position titled, "Acknowledgement of PEAK Season Hiring Policy," which Defendant claims Plaintiff signed (Doc. 15-10, Boyd Decl., Ex. A., Arbitration Agreement), but Plaintiff claims she did not agree to enter into the arbitration agreement and did not intend to be bound by it (Doc. 16 at 7-8; Rizvanovic Decl. ¶ 11-13).

Plaintiff filed this putative class action complaint against UPS in Kern County Superior Court on July 14, 2021. (*See* Doc. 1.) On August 20, 2021, UPS removed this case to this Court. (*Id.*) The complaint alleges seven causes of action for (1) unpaid overtime, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) failure to pay minimum wages, (5) failure to furnish timely and accurate wage statements, (6) failure to pay all wages owed upon termination, and (7) violation of California's unfair competition law. (*Id.*, ¶¶ 39-102.) Plaintiff purports to bring this action on behalf of herself and all current and former seasonal PVDs and non-exempt employees who drove their personal vehicles to deliver packages in California. (*Id.*, ¶ 33.) She also seeks to represent six subclasses based on the first six causes of action. (*Id.*, ¶ 34.)

UPS met and conferred with Plaintiff before filing this motion, asking Plaintiff to stipulate to a short stay of this action pending the decision in *Southwest Airlines*, and Plaintiff declined. (Doc. 15-1 at 7.) Plaintiff served a first set of interrogatories and document demands, consisting of four interrogatories and 53 requests for production. (*Id.*) UPS has not served or responded to any discovery. (*Id.*) No depositions have been noticed or taken by either party. (*Id.*) The parties have not filed any dispositive motions, and this Court has not yet set a trial date. (*Id.*)

## II.    Legal Standards

A district court possesses the inherent power to control its own docket and calendar. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citations omitted). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.* (quoting *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979), *cert. denied,* 444 U.S. 827 (1979)). In deciding whether to grant a stay, the Court must weigh several factors, including "(1) the possible damage which may result from the

granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). "A stay may be granted regardless of whether the separate proceedings are 'judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Ramirez v. City of Bakersfield*, No. 1:19–CV–01413–DAD–JLT, 2020 WL 5763828, at *2 (E.D. Cal. Sept. 28, 2020) (quoting *Leyva*, 593 F.2d at 864).

### III.    Discussion and Analysis

Defendant moves this Court to briefly stay this action pending the Supreme Court's ruling in *Southwest Airlines*, where it is likely to clarify the proper interpretation of the transportation worker exemption of the Federal Arbitration Act (FAA). (*See* Doc. 15-1.) Plaintiff contends that a stay is not necessary because UPS's agreement is not valid. (Doc. 16 at 8-11.)

The Court notes that although Plaintiff sets forth the standard for determining whether to enforce an arbitration agreement, she fails to address the factors in deciding a motion to stay. (*See* Doc. 16 at 8-9.) Plaintiff contends that the arbitration agreement is not governed by the FAA (Doc. 16 at 11-12), and that UPS's arbitration agreement is unenforceable because it is unconscionable (Doc. 16 at 15).[1] In reply, Defendant asserts that Plaintiff's opposition ignores the factors relevant to this Court's analysis of UPS's motion for a stay of proceedings. (Doc 17 at 6.)

#### A.    Supreme Court Decision's Impact on the Instant Action

Before the Court conducts an analysis of each *Landis* factor, it must determine *Southwest Airlines'* relevance to the instant litigation. *See Skulevold v. SD&A Teleservices, Inc.,* No. 220CV2771ABJCX, 2020 WL 7711834, at *3 (C.D. Cal. Nov. 18, 2020), citing *Fed. Home Loan Mortg. Corp. v. Kama*, No. CV 14-00137 ACK-KSC, 2016 WL 922780, at *4 (D. Haw. Mar. 9, 2016) (stating "[w]here a stay is considered pending the resolution of another action, the court need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to

---

[1] It appears that Plaintiff is improperly seeking to litigate the merits of a motion to compel arbitration.

support a stay."). Defendant contends the decision in *Southwest Airlines* is relevant because it will likely clarify the proper interpretation of the transportation worker exemption of the FAA. (Doc. 15-1 at 8.) Plaintiff asserts that "[i]t is undisputed that the US Supreme Court will soon answer an important question in [*Southwest Airlines*]," and contends the arbitration agreement is not valid and enforceable. (Doc. 16 at 6.)

The Federal Arbitration Act provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. Section 1 of the FAA, however, exempts employment contracts of "seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Defendant correctly contends that Circuits are split as to the scope of the transportation worker exemption of the FAA. (Doc. 15-1 at 7.) The First, Seventh, and Ninth Circuits have held that workers do not need to physically cross state lines in the course of their work to fall within the transportation worker exemption of the FAA. *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10, 26 (1st Cir. 2020); *Saxon v. Southwest Airlines Co.*, 993 F.3d 492 (7th Cir. 2021); *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 921 (9th Cir. 2020). The Eleventh Circuit has rejected this view, holding instead that the FAA's transportation worker exemption only applies to workers who actually engage in foreign or interstate commerce. *Hamrick v. Partsfleet, LLC*, 1 F.4th 1337, 1351 (11th Cir. 2021).

On December 10, 2021, the Supreme Court granted Southwest Airlines' petition for a writ of certiorari to review the Seventh Circuit's decision. *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 638 (2021). The Seventh Circuit held that an airline employee working as a ramp agent supervisor, unloading goods from vehicles that travel in interstate commerce, is a "transportation worker" for the purposes of the FAA exemption. *See Saxon v. Sw. Airlines Co.*, 993 F.3d 492 (7th Cir. 2021), *cert. granted*, 142 S. Ct. 638 (2021). Oral argument was set for March 28, 2022, and according to Defendant, the Supreme Court should issue its ruling no later than the end of June 2022. (Doc. 15-1 at 9.)

The outcome of *Southwest Airlines* will impact the instant case. The decision in *Southwest Airlines* is relevant to whether the transportation worker exemption of the FAA is applicable to Plaintiff. The Supreme Court is likely to provide guidance on the proper interpretation of the

transportation worker exemption of the FAA and clarify whether the exemption encompasses the class of workers who do not physically cross state lines in the course of their work. The First, Seventh, and Ninth Circuit courts interpreted the exemption broadly, relying on earlier Supreme Court decisions involving the Federal Employers' Liability Act, which was enacted several years before the FAA and was interpreted to hold that workers transporting goods that had come from outside the state or that were destined for out-of-state locations were engaged in interstate commerce, even if the workers' role in transporting the goods occurred entirely within a single state. *See Waithaka*, 966 F.3d at 20; *Southwest Airlines*, 993 F.3d at 501-02; *Rittmann*, 971 F.3d at 910-18. On the other side of the Circuit split, the Eleventh Circuit held that "[t]he transportation worker exemption applies only if the worker belongs to a class of workers in the transportation industry and the class of workers *actually* engages in foreign or interstate commerce." *Hamrick*, 1 F.4th at 1351 (emphasis added). The Eleventh Circuit explained that the district court erred when it "focused on the movement of the goods and not the class of workers." *Id*.

The Supreme Court's decision in *Southwest Airlines* will likely provide guidance on the proper interpretation of the transportation worker exemption of the FAA, which will impact whether the exemption would apply to Plaintiff in this case who only delivered packages to addresses within the state of California. (Rogers Decl. ¶ 3.) Under the First, Seventh, and Ninth Circuit courts' interpretation, Plaintiff would be a "transportation worker" for the purposes of the FAA exemption; however, under the Eleventh Circuit's interpretation, the exemption applies only if the worker actually engages in foreign or interstate commerce and physically crosses state lines and would not apply to Plaintiff.

Recognizing the impact that the Supreme Court's ruling may have on the scope of the transportation worker exemption under the FAA, a number of other courts have stayed proceedings pending a decision in *Southwest Airlines*. *See*, *e.g.*, *Rittmann v. Amazon.com, Inc.*, No. C16-1554-JCC, 2022 WL 72061 (W.D. Wash. Jan. 7, 2022) (staying action pending the ruling in *Southwest Airlines*); *Preston v. XPO Logistics Inc.*, No. CV-21-01319-PHX-SRB (D. Ariz. Mar. 8, 2022) (same); *Diaz v. Amazon.com, Inc.* No. C21-0419-JCC (W.D. Wash. Feb. 14, 2022) (same); *Melikyan v. Amazon.com, Inc.*, No. 2:21-cv-08715-FMO-E (C.D. Cal. Feb. 4, 2022) (same); *Marcelo v. Amazon.com*, No. 3:21-

cv-07843-JD (N.D. Cal. Jan. 26, 2022) (same); *Champion v. Amazon.com LLC*, No. 3:18-cv-05222-MMC (N.D. Cal. Jan. 14, 2022) (same).

Therefore, given the relevance of *Southwest Airlines* to this action, the Court will analyze the parties' arguments with respect to the *Landis* factors.

**B.      Application of *Landis* Factors**

**1.      Possible Damage That May Result from Granting a Stay**

The first *Landis* factor considers the possible damage that could arise from granting the stay. *CMAX*, 300 F.2d at 268. Defendant contends Plaintiff would not be prejudiced by a brief stay given that the Supreme Court's decision is expected by June 2022. (Doc. 15-1 at 11.) Plaintiff's opposition fails to identify any harm she would face if the Court granted a short stay of proceedings. (*See* Doc. 16; Doc. 17 at 6.)

The Court agrees that the potential harm to the Plaintiff from the delay that may result from a brief stay of these proceedings until the Supreme Court issues a decision in *Southwest Airlines* is minimal. *See*, *e.g.*, *Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *3 (N.D. Cal. Nov. 1, 2017) (granting a stay "that will likely last no more than a few months while the Supreme Court writes its opinion" would not prejudice plaintiffs); *Hughes v. S.A.W. Ent., LTD*, No. 16-CV-03371-LB, 2017 WL 6450485, at *3 (N.D. Cal. Dec. 18, 2017) (agreeing "that the potential harm to the plaintiffs from the delay that may result from a stay of these proceedings until the Supreme Court issues a decision . . . is minimal"); *Bankwitz v. Ecolab, Inc.*, No. 17-CV-02924-EMC, 2017 WL 4642284, at *5 (N.D. Cal. Oct. 17, 2017) (same); *McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) (same).

Furthermore, as Defendant asserts, courts granting similar stays have emphasized the minimal potential of harm even where the duration of the requested stay was far longer than in this case. (Doc. 15-1 at 11, citing *Skulevold v. SD&A Teleservices, Inc.*, No. 2:20-cv-2771-AB(JCx), 2020 WL 7711834, at *5 (C.D. Cal. Nov. 18, 2020) (finding the potential damage of the stay is minimized because the Supreme Court will resolve the case at issue in its *next* term); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015) (reasoning that because the Supreme

Court will issue a decision in its *next* term, the finite duration of stay weighed in favor of granting the motion).)

In fact, the schedule in this case supports the granting of a stay and makes clear that there is little risk of prejudice to Plaintiff from a brief stay. This case is in its early stages and the deadline to file a motion for class certification is not until August 17, 2022. (*See* Doc. 13 at 3). Additionally, the Supreme Court has already heard oral argument in *Southwest Airlines* on March 28, 2022, and the stay of the action will conclude within a reasonable period. Accordingly, the first factor does not weigh against granting a stay.

### 2.   Possible Hardship or Inequity from Denying Stay

The second factor considers the possible harm from requiring Defendant to litigate while *Southwest Airlines* is pending in the Supreme Court. *CMAX*, 300 F.2d at 268. Defendant asserts that it would suffer irreparable harm if forced to continue litigating because the parties would have to expend resources on potentially burdensome and unnecessary litigation. (Doc. 15-1 at 12.) This case is in its early stages, and no witnesses have been deposed, no written discovery has been responded to, no dispositive motions have been filed or heard, and no trial date has been set. (Doc. 15-1 at 12.)

Plaintiff does not dispute that Defendant will suffer harm if it is required to proceed with potentially burdensome discovery and litigate Plaintiff's putative class claims. (*See* Doc. 16; Doc. 17 at 7.) Defendant claims that Plaintiff would also benefit from conserving resources litigating this case pending the Supreme Court's decision. (*See* Doc. 15-1 at 11; Doc. 17 at 6.) In these circumstances, there is risk of harm to Defendant if the Court denies the stay pending the *Southwest Airlines* decision, which may be issued within the next few months. *See*, *e.g.*, *Robledo*, 2017 WL 4934205, at *4 ("Denying the stay at this juncture risks forcing the parties to expend resources that could have been avoided.").

### 3.   Orderly Course of Justice That Could Be Expected to Result from a Stay

The third factor—"the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," *CMAX*, 300 F.2d at 268—weighs heavily in favor of granting a stay. Defendant contends that a short stay would allow the Supreme Court to provide clarity as to the proper interpretation of the

transportation exemption of the FAA which is relevant to this action. (Doc. 15-1 at 12.) Plaintiff does not squarely address whether a stay will complicate or simplify the issues. (*See* Doc. 16.) Defendant further asserts that a stay pending the outcome of *Southwest Airlines* serves the public interest by conserving party and judicial resources. (Doc. 15-1 at 12-13.) Defendant also contends that Plaintiff has not articulated a reason that the interests of justice would not favor a brief stay, other than her belief that Defendant's potential motion to compel arbitration—if filed, depending on the outcome in *Southwest Airlines*—should be denied. (Doc. 17 at 7.)

In light of these considerations, the Court is satisfied that granting a stay would conserve judicial resources that would otherwise be unnecessarily expended. In the absence of a stay, "it would prove to be 'an extraordinary waste of time and money' to continue litigating this case 'only to have to do it all again because the experts, the parties and the Court were proceeding under a legal framework that the [Supreme Court] determined did not apply.' " *Robledo*, 2017 WL 4934205, at *5 (quoting *Meijer, Inc. v. Abbott Labs.*, No. C 07-5470 CW, 2009 WL 723882, at *4 (N.D. Cal. Mar. 18, 2009)). Regardless of whether the Supreme Court affirms or overrules *Southwest Airlines*, the issue before the Court regarding the application of the transportation exemption of the FAA will be clarified. Thus, this factor also weighs in favor of a stay.

Based on the foregoing, the *Landis* factors weigh in favor of granting a stay, and a stay of these proceedings until the Supreme Court resolves *Southwest Airlines* is appropriate.

**IV.    Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Defendant's motion for a stay of proceedings (Doc. 15) is **GRANTED**; and

2.    Defendant shall file a status report within **14 days** of the Supreme Court's ruling in *Southwest Airlines*.

IT IS SO ORDERED.

Dated:   **April 21, 2022**                          */s/ Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE