UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RIZVANOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Case No. 1:21-cv-01278-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 54) |

On July 14, 2021, Plaintiff Michelle Rizvanovic ("Plaintiff") filed an unverified putative class action complaint in the Superior Court of the State of California, County of Kern. (Doc. 1). Defendant United Parcel Service, Inc. ("Defendant") removed the action to this Court on August 20, 2021. (*Id*.). On January 20, 2023, the Court granted Defendant's motion to compel arbitration of Plaintiff's individual claims and stayed all further proceedings, including as to Plaintiff's class action claims, pending completion of arbitration.

Pending before the Court is the parties' jointly executed stipulation to dismiss the action with prejudice as to Plaintiff's individual claims and without prejudice as to the putative class action claims. (Doc. 54). The parties' stipulation of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(ii) and Plaintiff is entitled to dismiss the individual claims (at least) without a court order. In a class action, however, court approval of dismissal may be required

1   under Rule 41(a)(2) if the class has been certified.  Specifically, Rule 23(e) provides that any
2   claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for*
3   *purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the
4   court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

5   In this case, the parties jointly seek to dismiss the putative class claims under Rule
6   41(a)(1) without prejudice.  (Doc. 54).  No class has been certified in this action nor is there a
7   class proposed to be certified for purposes of settlement.  (*Id.* ¶ 6).  Because no class has been
8   certified in this case, and because any dismissal would not affect putative class members' possible
9   claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to
10  putative class members.  *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir.
11  2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she
12  has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this
13  legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v.
14  Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

15  In light of the parties' filing, the Court finds that Rule 23(e) does not require the Court's
16  approval of the dismissal.  This action shall be terminated by operation of law without further
17  order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78
18  (9th Cir. 1999).

19  Accordingly, the Clerk of Court is DIRECTED to CLOSE this case and adjust the docket
20  to reflect dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to
21  the claims of the putative class pursuant to Fed. R. Civ. P. 41(a)(1)(ii), with each party to bear
22  that party's own attorney's fees and costs.

23  IT IS SO ORDERED.

24  Dated: **March 4, 2025**
25  UNITED STATES MAGISTRATE JUDGE